ON REHEARING
GLADNEY, Judge.
The Department of Highways in its application for rehearing earnestly argues this court erred in absolving plaintiff from negligence, it being urged that our decision was based solely on the absence of lighted flares at the prewarning signs and along the approach warnings; and further, that regardless of the condition of the flares their presence was not essential to the observability of the warning signs which were properly placed and, adequate.
The original opinion concluded the failure to have lighted smudge pots was the sole proximate cause of the accident and that plaintiff was not negligent. The opinion stated:
“The conclusion is inescapable that the highway authorities charged with the duty to maintain the barricade, flares, and warning devices at the scene of this accident knew of the danger but failed to protect the traveling public against it notwithstanding they had time and opportunity to do so.”
As related in the opinion the accident occurred at approximately 9 o’clock P.M. on May 14, 1964. At that time 1-20 was not fully constructed from Monroe to Shreveport but was open for traffic from Monroe to the Arcadia exit at the junction of 1-20 with State Route 151 in Bienville Parish. Weinberg was driving a Cadillac automobile owned by Mr. and Mrs. Jack Cannon at a speed of sixty miles per hour when it crashed into the barricade across 1-20 situated at the junction of the two highways.
State Trooper Sherrell and H. G. Driskill, a sign foreman for the Department of Highways, testified as to the existence of warning signs east of the barricade. Sher-rell stated there were five different signs which he recalled: one that said “All Traffic Exit ¿4 Miles”; another which stated, “All Traffic Exit J4 Miles” and other smaller signs such as “Form Single Line,” and “Barricade Ahead.” Mr. Driskill described the barricade as being across the westbound traffic lane of the highway which was lighted with flares placed from two to six feet east of the barricade. He testified also as to “All Traffic Exit signs fáths of a mile and 14th of a mile from the exit, which signs he described as being some four or five feet from the ground. He also stated that between the two exit signs were smaller signs which warned of “Detour”, “Form Single Line” and “Barricade Ahead”. The smaller signs were thirty by *592 thirty-six inches and were visible at night to approaching automobiles. These signs were described as consisting of black lettering on a white background and were aluminum Scotchlighted for reflection purposes.
It is difficult to understand how a motorist could pass these warnings signs without 'bringing his vehicle under such control as to prevent him from driving into an obstruction on the highway. In our opinion the type and nature of the pre-warning signs were such as to provide adequate warning to plaintiff whose duty it was to observe and heed the approach signs which were reflectorized and designed to amply warn a prudent night traveler having proper headlights on his vehicle.
The legal principle is well settled that the driver of a motor vehicle is under a never ceasing duty to maintain a proper lookout and to see that which he should have seen. Failure to see that which he should have seen is itself negligence. He is further required to maintain such control over the speed and operation of his vehicle to permit him to stop within the range of his legally proper lookout. Exceptions to this rule involve only situations which occur suddenly and without warning, and could not have been detected by a driver who was maintaining a proper lookout and proper control of his vehicle.
The testimony of Weinberg gives the impression that he had passed a number of signs informing of exits along the way from Monroe and the locus of the accident and did not attach special significance to the signs requiring all traffic to exit near the barricade. Such failure to observe these warnings and give them proper attention was clearly an omission of duty and constituted contributory negligence which bars recovery.
For the reasons hereinabove stated our original decree is annulled and set aside and it is now ordered that the demands of plaintiff be rejected at his cost.